IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>)<br>**TITUS DISMUKE,** )<br>)<br>**Defendant.** )<br>)<br>_____ ) | Case No. 08-20120-02-CM |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's Motion for Notice to Appeal the court's previous Order granting defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 105.) In the alternative, defendant asks the court to reconsider its Order in light of the Fair Sentencing Act of 2010 ("FSA") and Amendment 750 to the United States Sentencing Guidelines. (Doc. 105.) Defendant argues the FSA and Amendment 750 apply retroactively to reduce the term of his imprisonment. For the following reasons, the court denies defendant's motion.

**I.      Factual and Procedural Background**

On August 27, 2009, defendant pleaded guilty to 21 U.S.C. § 846, conspiracy to possess with intent to distribute 50 grams or more of a mixture or substance containing cocaine base. (Doc. 54.) The court adopted the Presentence Investigation Report, which concluded defendant's total offense level was 29, and his criminal history category was IV. (Presentence Investigation Report ("PSIR") ¶ 100.) Accordingly, the advisory guideline range provided a term of imprisonment of 121 – 151 months. (*Id.*) On January 13, 2010, the court sentenced defendant to a term of imprisonment of 121

months.  (Doc. 85.)  The court's sentence reflected the imposition of the statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A) and a term of imprisonment at the low end of the advisory guideline range.  (Doc. 86.)

On November 29, 2011, the court granted defendant's Motion for Sentence Reduction and reduced defendant's term of imprisonment to 120 months based on Amendment 750, which retroactively lowered the sentencing guidelines applicable to defendant.  (Doc. 103.)  The court found defendant's amended offense level was 25, which resulted in an amended guideline range of 120 months.  (*Id.*)  On December 12, 2011, defendant filed the current motion, seeking notice to appeal the court's November 29, 2011 Order, or alternatively, asking the court to reconsider its ruling.  (Doc. 105.)  Specifically, defendant relies on the Fair Sentencing Act of 2010 ("FSA"), which amended the statutory mandatory minimum sentence for certain crack cocaine offenses, and Amendment 750, which amended the sentencing guideline's offense levels for such offenses.  *See* Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010); U.S.S.G. § 1B1.10.  Accordingly, defendant argues that because his amended offense level has been lowered to 25, his applicable guideline range should be 84 – 105 months.

**II.    Legal Standards and Analysis**

**A.  Statutory Mandatory Minimum Sentence**

In January 2010, at the time of defendant's sentencing, the amount of cocaine base required to implicate the statutory mandatory minimum sentence of 120 months under 21 U.S.C. § 841(b)(1)(A)(iii) was 50 grams.  On August 3, 2010, however, the FSA amended 21 U.S.C. § 841(b)(1)(A)(iii) by changing that amount to 280 grams.  As a result, the FSA effectively reduced the crack cocaine to powder cocaine ratio from 100:1 to 18:1.  *See United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 1790 (2011).  Defendant argues the court should reduce

his sentence because he possessed only 79.48 grams of cocaine base, which is less than the 280 gram threshold required to trigger the amended statutory mandatory minimum sentence.

Defendant misconstrues the relationship between the FSA, which amended the statutory mandatory minimum sentence, and Amendment 750, which amended the sentencing guidelines to lower the advisory guideline range for certain drug offenses. Defendant correctly points out in his motion that, under the FSA, the ten-year statutory mandatory minimum sentence is not triggered unless an individual possesses 280 grams of cocaine base. Congress, however, did not provide for the FSA to apply retroactively, and therefore, the defendant is not entitled to a sentence reduction under the amended ratio. *See United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010).

The Tenth Circuit in *Reed* addressed a situation analogous to the defendant's and rejected an appellant's argument that the FSA applied retroactively to reduce his sentence. *Id*. In so finding, the Tenth Circuit stated, "the general savings statute, 1 U.S.C. § 109, requires us to apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *Id*. (quoting *United States v. Caradine*, 621 F.3d 575, 580 (6th Cir. 2010)). Based on this rationale, the Tenth Circuit has held the FSA contains no provision for retroactivity, and accordingly, applies only to defendants sentenced after August 3, 2010. *See Reed*, 410 F. App'x at 111; *see also Lewis*, 625 F.3d at 1228. Therefore, because the court sentenced defendant in January 2010, before the FSA became effective, the defendant is not eligible for a sentence reduction based on the amended statutory mandatory minimum sentence imposed under 21 U.S.C. § 841(b)(1)(A)(iii).

### B. Sentencing Guideline Range

Pursuant to 18 U.S.C. § 3582(c)(2), a district court may reduce a defendant's term of imprisonment where the defendant was sentenced based on the applicable sentencing guidelines and those guidelines are subsequently lowered by the Sentencing Commission. Additionally, any reduction

shall be "consistent with the applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission passed Amendment 750, which went into effect on November 1, 2011. Pursuant to § 1B1.10 of the sentencing guidelines, part A of Amendment 750 adjusted the sentencing guidelines by amending the cocaine base amounts in the drug quantity table in § 2D1.1(c). Specifically, the table provides a base offense level depending on the drug quantity attributed to the defendant. U.S.S.G. § 2D1.1(c). Defendant argues Amendment 750 retroactively applies to lower his advisory guideline range, and thus, the court should reconsider its previous Order reducing his term of imprisonment to 120 months.

Unlike the FSA, the Sentencing Commission provided for Amendment 750 to apply retroactively. U.S.S.G. § 1B1.10. However, the sentencing guidelines provide that a retroactive sentence reduction is not consistent with the policy statements if "an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). Application note one of the sentencing guidelines provides additional clarity stating:

> [A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision *(e.g., a statutory mandatory minimum term of imprisonment).*

U.S.S.G. § 1B1.10 cmt. n.1 (2011) (emphasis added). Therefore, the court must determine to what extent Amendment 750 can lower defendant's applicable guideline range.

The court previously considered Amendment 750's applicability to defendant in its November 29, 2011 Order. In its Order, the court found Amendment 750 effectively lowered defendant's applicable guideline range from 121 months to 120 months. Based on the amended sentencing guidelines, the court found defendant's amended offense level was 25 and his criminal

history category was IV.[1]  According to the guideline sentencing table, this resulted in an advisory guideline range of 84 – 105 months.  U.S.S.G. ch.5, pt. A.  However, because the court imposed the statutory mandatory minimum sentence in its January 2010 judgment, the court amended the guideline range to 120 months.  Thus, the statutory mandatory minimum sentence precludes any further reduction to defendant's sentence because Amendment 750 "does not have the effect of lowering defendant's applicable guideline range" to a term of imprisonment less than 120 months.  *See* U.S.S.G. § 1B1.10 cmt. n.1 (2011).

Therefore, although the court previously found Amendment 750 retroactively applied to reduce defendant's term of imprisonment, the operation of the statutory mandatory minimum sentence precludes any further reduction to the defendant's applicable guideline range.

### C.  Notice to Appeal

Defendant's plea agreement provides, "[b]y entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court."  (Doc. 54.)  The defendant's sentence, as modified by the court's November 29, 2011 Order, is within the amended guideline range.  (Doc. 103.)  Thus, because defendant has knowingly waived the right to appeal his sentence, his motion for notice to appeal is denied.

---

[1] Defendant correctly points out in his motion that his amended offense level of 25 and his criminal history category of IV resulted in an advisory guideline range of 84 – 105 months.  *See* U.S.S.G. ch. 5, pt. A.  However, because the Court imposed the statutory mandatory minimum sentence of 120 months, and because the mandatory minimum is not retroactive, the amended guideline range could not be amended to a range below the 120 month mandatory minimum sentence.

**IT IS THEREFORE ORDERED** that defendant's motion is denied.

Dated this 16th day of April, at Kansas City, Kansas.

                                                                                                     <u>s/ Carlos Murguia</u>
                                                                                                     **CARLOS MURGUIA**
                                                                                                     **United States District Judge**